**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM TORRES, | No. 13-15096 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00724-SOM-BMK |
| v. | |
| THOMAS READ; JOHN DOES, 1-10, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Submitted February 19, 2015[**]
Honolulu, Hawaii

Before: CLIFTON, N.R. SMITH, and FRIEDLAND, Circuit Judges.

William Torres brought a 42 U.S.C. § 1983 action alleging that his sentence

recalculation resulted in post-conviction overdetention that violated his Eighth and

Fourteenth Amendment rights. The district court denied Torres's Fed. R. Civ. P.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

56(d) motion to continue discovery and granted Defendant-Appellee Read's motion for summary judgment on the basis of qualified immunity. Torres timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's order denying summary judgment on the ground of qualified immunity. *Rodis v. City & Cnty. of S.F.*, 558 F.3d 964, 968 (9th Cir. 2009). We review a district court's order denying additional discovery for abuse of discretion. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

The two-pronged qualified immunity inquiry asks (1) whether "the officer's conduct violated a constitutional right" and (2) whether "the right was clearly established" at the time of the alleged misconduct. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). We may begin our analysis with either prong. *Pearson*, 555 U.S. at 236. "The plaintiff bears the burden to show that the contours of the right were clearly established" at the time of the alleged misconduct. *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011). "We begin with the second prong, and we hold that Torres has not pled facts indicating that Read violated a "clearly established" constitutional right. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

2

This case is controlled by *Alston*, 663 F.3d 1094. In *Alston*, we addressed the issue of qualified immunity in a § 1983 action against Read alleging Eighth and Fourteenth Amendment violations for substantially the same conduct challenged by Torres in this case. 663 F.3d at 1096-97. We concluded that "where [a prisoner's] institutional file appears complete, the [prisoner's] sentence was appropriately recalculated under state law, and the prisoner has presented no evidence to the contrary," a prison official had no clearly established duty under the Eighth and Fourteenth Amendments to a prisoner alleging overdetention beyond reviewing the prisoner's institutional file, relevant state laws, and the original judgment received from the court. *Id*. at 1099-100. Torres has not alleged facts showing that his institutional file was incomplete, or that his sentence recalculation was inappropriate under state law. Therefore, Read did not violate a clearly established right and he was entitled to summary judgment on both Torres's Eighth and Fourteenth Amendment claims. *See id*.

The district court did not abuse its discretion in denying Torres's Rule 56(d) motion to continue summary judgment to allow further discovery. Torres failed to identify specific facts to be obtained in discovery that would have precluded

summary judgment. *Natural Res. Def. Council v. Houston*, 146 F.3d 1118, 1133 (9th Cir. 1998).[1]

    **AFFIRMED**.

---

[1] Read requests we take judicial notice of his opening brief filed in *Alston*. *See* Dkt. No. 33. The document is a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Thus, we take judicial notice of the document, but "not for the truth of the facts recited therein." *See id.* at 690 (internal quotation marks omitted).

4